**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-311-GMS |
| | ) |
| GOOGLE INC., YAHOO! INC., AND | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF JOHN LABARRE IN SUPPORT
OF DEFENDANT GOOGLE INC.'S MOTION FOR
<u>SANCTIONS PURSUANT TO FRCP 11</u>**

OF COUNSEL:

Michael J. Malecek
Kenneth M. Maikish
KAYE SCHOLER LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306
Tel:  (650) 319-4500

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Google Inc.*

Original Service Date:  November 9, 2011
Filed & Served Date:  December 1, 2011
1034751 / 36777

I, John LaBarre, hereby declare as follows:

1. I am an attorney admitted to practice in the State of New York (Bar No. 4396271) and the State of California (Bar No. 801166). I am Litigation Counsel for defendant Google Inc. ("Google") where I have been employed since April 20, 2009. I have personal knowledge of the material facts stated herein, and I submit this Declaration in support of Defendants Google Inc.'s Memorandum in Support of Its Motion for Sanctions Pursuant to FRCP 11. If called to testify, I could and would testify to the facts as set forth herein.

2. Within Google's litigation department, I am principally responsible for patent litigation matters in which Google's advertising systems are a primary accused instrumentality, including the instant matter, *Walker Digital, LLC v. Google Inc., et al.* (District of Delaware, Case No. 1-11-cv-311).

3. Exhibit 1 to this Declaration is a true and correct copy of U.S. Patent No. 7,801,802 ("the '802 patent") entitled "Method, system and computer program product for facilitating an auction behavior and automatic bidding in an auction."

4. A review of the CM/ECF system for the District of Delaware demonstrates that Walker Digital LLC filed fourteen cases on April 11, 2011, naming over 100 defendants as infringing various Walker Digital patents. Since, April 11, 2011, an additional twenty-one patent infringement actions have been filed by Walker Digital in the District of Delaware for a total of thirty-five cases filed by Walker Digital since March of this year. Of those cases, as of the filing of this declaration, thirty-one remain open and name 154 defendants. Google was named as a defendant in three of the Walker Digital cases filed on April 11, 2011, and was named as a defendant in three subsequent Walker Digital cases. Of the six Walker Digital cases in which Google is a named defendant, five remain open.

5. Exhibit 2 to this Declaration is a true and correct copy of a Letter dated August 3, 2011 (the "August 3 Letter") which I sent via email to Plaintiff's attorneys-of-record, Richard Kirk; Stephen Brauerman; Marc Fenster; Bruce Kuper; Alexander Giza; and Benjamin Wang as well as attorney David Pridham.

6. Exhibit 3 to this Declaration is a true and correct copy of the webpage found at http://adwords.blogspot.com/2010/08/adwords-myths-understanding-adwords.html (last visited September 15, 2011).  Reference to this webpage is included in the August 3 Letter.

7. Exhibit 4 to this Declaration is a true and correct copy of the webpage found at http://adwords.google.com/support/aw/bin/answer.py?hl=en&answer=142918 (last visited September 15, 2011).  Reference to this webpage is included in the August 3 Letter.

8. Exhibit 5 to this Declaration is a true and correct copy of the webpage found at http://www.wired.com/culture/culturereviews/magazine/17-06/nep_googlenomics?currentPage=all) (last visited September 15, 2011).  Reference to this webpage is included in the August 3 Letter.

9. Exhibit 6 to this Declaration is a true and correct copy of the webpage found at http://www.netpaths.net/blog/anatomy-of-a-real-time-google-ppc-auction/ (last visited September 15, 2011).  Reference to this webpage is included in the August 3 Letter.

10. Exhibit 7 to this Declaration is a true and correct copy of a Letter dated August 15, 2011 (the "August 15 Letter) that I received from Alexander Giza, outside counsel for Walker Digital, in response to the August 3 Letter.

11. Exhibit 8 to this Declaration is a true and correct copy of the webpage found at http://adwords.google.com/support/aw/bin/static.py?hl=en&topic=22183&guide=21804&page=guide.cs#IBB5 (last visited September 15, 2011).  Reference to this webpage is included in Plaintiff's August 15 Letter.

12. Exhibit 9 to this Declaration is a true and correct copy of the webpage found at http://adwords.google.com/support/aw/bin/answer.py?hl=en&answer=1320536 (last visited September 15, 2011).  Reference to this webpage is included in Plaintiff's August 15 Letter.

13. On August 16, 2011, I emailed Walker Digital outside counsel Marc Fenster about setting up a telephonic discussion about the issues raised in our respective letters. On August 19, 2011, Mr. Fenster and I spoke for approximately 20 minutes to discuss the issues raised in the August 3 Letter including explaining why Google's ad scheduler and rules functionality (*i.e.*, the instrumentality pointed to by Plaintiff in its August 15 Letter) do not meet the key limitation of the claims. Mr. Fenster indicated that he would take the issues raised under consideration and revert back to Google by August 29, 2011. Later that same day, after the conclusion of our conversation, I emailed Mr. Fenster a selected portion of the prosecution history of U.S. Patent No. 7,801,802 in which I caused to be highlighted a portion of the particular passage cited in Google's Memorandum In Support of Its Motion for Sanctions Pursuant to FRCP 11.

14. Exhibit 10 to this Declaration is a true and correct copy of the selected portion of the prosecution history that I emailed to Mr. Fenster.

15. On August 29, 2011, Mr. Fenster provided follow-up to our conversation of August 16, 2011. Mr. Fenster explained that Walker Digital's position was that the term "auction" as used in the '802 patent and as applied under Walker Digital's theory of infringement with respect to Google related to all auctions for a given keyword over a particular day. Accordingly, as Mr. Fenster informed, under Walker Digital's theory, the "auction period" was a full day and that what Google considers an "auction" was really a "micro auction."[1] When asked, Mr. Fenster went on to explain that he believed that this issue was not an issue of claim construction but was, instead, a question of fact for a jury.

---

[1] Plaintiff's October Letter (see below) suggests that it was I who first used the term "micro auction." I stand by my recollection that it was Plaintiff who first used this term during our conversation, and, in fact, I specifically looked up the term (using Google) after the August 29, 2011 conversation as the term was one I had never previously used or come across in my work at Google or elsewhere.

3

16. Exhibit 11 to this Declaration is a true and correct copy of a Letter dated September 1, 2011 (the "September Letter") which I sent via email on September 6, 2011, to Plaintiff's attorneys-of-record, Richard Kirk; Stephen Brauerman; Marc Fenster; Bruce Kuper; Alexander Giza; and Benjamin Wang as well as attorney David Pridham. To be clear, although the letter is dated September 1, 2011, the letter was not sent until September 6, 2011 (*i.e.*, the date on the letter does not reflect the date on which it was sent to counsel).

17. On September 19, 2011, attorneys for Google served a Motion for Sanctions on Plaintiff's Counsel of Record pursuant to FRCP 11 (c)(2) (the "First Motion for Sanctions"). Prior to serving the First Motion for Sanctions, Google had not received any response to the September Letter.

18. On October 6, 2011, days prior to Google being able to file its Motion for Sanctions pursuant to the "safe harbor" provision of FRCP 11, Plaintiff sent Google a letter (the "October Letter"), a true and correct copy of which is attached to this Declaration as Exhibit 12.

19. Exhibit 13 to this Declaration is a true and correct copy of the webpage found at http://adwords.google.com/support/aw/bin/static.py?hl=en&answer=6312 (last visited November 3, 2011). Reference to this webpage is included in Plaintiff's October Letter.

20. The crux of the October Letter appears to be Plaintiff's argument that, contrary to my previous conversations with opposing counsel, that the proper understanding of the term "auction" is, in fact, an issue of claim construction. *See, e.g.,* the first complete paragraph of page 5 of the October Letter.

21. At no time during any of my communications with Walker Digital and its attorneys was there any indication that anyone from Plaintiff had signed up for an AdWords account or otherwise attempted to use Google's services in order to test its infringement theories.

22. I have reviewed the material cited by Plaintiff throughout the course of our discussion of this matter as laid out above. Nothing in the material pointed to by Plaintiff (including exhibits 8 and 9 as referenced in the August 15 Letter, and exhibit 13 referenced in the October Letter) suggests that Google's ad system allows advertisers to place "bids" "according to an amount of time left in the auction" as required by each of the independent claims of the '802 patent.

23. Russ August & Kabat, and specifically partners Marc Fenster and Alexander Giza, represented plaintiffs in two separate actions against Google in which Google AdWords was an accused product, including one case which went to trial in August 2010. The cases are *PA Advisors, LLC v. Google Inc. et al.* (E.D. Texas, Case No. 2:07-CV-480) (resolved by Summary Judgment in Google's favor) and *Bright Response LLC v. Google Inc et al.* (E.D. Texas, Case No. 2:07-CV-480) (jury verdict in Google's favor).

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of November, 2011.

*/s/ John LaBarre*
John LaBarre
Litigation Counsel, Google Inc.

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 1, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on November 9, 2011 and December 1, 2011, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk | Mark A. Fenster |
| Stephen B. Brauerman | Alexander C. Giza |
| Bayard, P.A. | Bruce D. Kuyper |
| 222 Delaware Avenue, Suite 900 | Benjamin T. Wang |
| Wilmington, DE 19899 | Russ, August & Kabat |
| rkirk@bayardlaw.com | 12424 Wilshire Boulevard 12th Floor |
| sbrauerman@bayardlaw.com | Los Angeles, CA 90025 |
| *Attorneys for Plaintiff* | mfenster@raklaw.com |
| | agiza@raklaw.com |
| | bkuyper@raklaw.com |
| | bwang@raklaw.com |
| | *Attorneys for Plaintiff* |

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1011501/36777