IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-311-RGA |
| GOOGLE, INC., YAHOO! INC., and, MICROSOFT CORPORATION, | : |
| Defendants. | : |

## CLAIM CONSTRUCTION ORDER

The parties having briefed their positions on construction of the claims of United States Patent No. 7,801,802 (the "'802 patent"), and the Court having conducted *Markman* hearings on November 13, 2012 and May 16, 2013, it is hereby ordered that, as used in the '802 patent, the terms below are construed as follows:

### I. AGREED UPON TERMS

The parties agreed upon the constructions of certain terms of the '802 patent, and the Court accepts them as set forth below for the purposes of this litigation.

| Claim Term | Agreed Upon Construction |
|---|---|
| "bid" | An offer from or on behalf of a bidder that includes an offered price for the good or service being auctioned |
| "the highest bid in the auction is not from the bidder" | the highest offer received for the item is not from the bidder |

| "determin[ing] that the rule is satisfied; determin[ing] that the highest bid in the auction is not from the bidder; and plac[ing] the bid" | "determining" steps must be performed before "placing" step |
|---|---|

## II. DISPUTED TERMS

The parties have disputed the constructions of certain other terms of the '802 patent. The Court adopts the following constructions of those terms:

1. The term "auction" is construed to mean "a public or private sale in which goods or services of a seller may be sold to a bidder through a bidding process. An auction consists of one sale." The term must be construed in the context of the claims. The three independent claims of the '802 patent each contain a "time remaining limitation." For example, claim 1 sets forth:

> A method comprising:
>
> storing a rule for automatically placing a bid by a bid generator for an item for a bidder in an auction, the rule associated with the bidder and having a condition specifying that the bid is to be placed by the bid generator according to an amount of time left in the auction;
>
> determining that the rule is satisfied;
>
> determining that the highest bid in the auction is not from the bidder; and
>
> placing the bid.

('802 patent at col.15 ll.26-35).

Under plaintiff's proposed construction, an auction could consist of multiple sales. The method of claim 1 would not function as intended because the bid generator bids according to the

2

time remaining in the "auction." If the "auction" involved multiple sales that ended at different times, the bid generator might attempt to bid for an item or lot in a sale that was already over. For example, assume that the bidder wished to bid for the item or lot in the first sale of the "auction" and that the bid generator was set to bid with one minute left in the "auction." If the bid generator did not place the bid until there was one minute remaining in the multi-sale "auction," the sale of the first item would have already ended when the proxy bidder attempted to place the bid.

The three independent claims of the '802 patent also contain a "highest bid" limitation. (*Id.*). The parties have agreed to construe the term "the highest bid in the auction is not from the bidder" as "the highest offer received for the item is not from the bidder." (D.I. 116-2). The parties, therefore, agree that, in the context of the highest bid, the bid must be for the particular item being sold in that auction. Claims must be interpreted consistently so the term "time left in the auction" must likewise be interpreted as the time remaining to place bids for the item. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc).

The '802 patent's specification supports the Court's construction. The specification lists the information necessary to process a bid: the auction, the bidder and the bid price. ('802 patent at col.4 ll.62-63).[1] If the auction could include multiple sales of multiple items, the proxy bidder would require more information to place a bid because it would not be able to determine on which item the bidder wishes to bid. In addition, Figures 3 through 8, which describe the databases that manage the auctions and bidding, and the accompanying text, treat each item as a single auction.

---

[1] The specification at this point is using "auction" synonymously with "single sale."

3

Plaintiff's argument for its construction is principally that the patent expressly defines "auction." (D.I. 91 at 9-10). "An auction is a public or private sale in which goods or services of a seller may be sold to a bidder through a bidding process." (*Id.* at col.4 ll.46-48). Plaintiff argues that the definition thus expressly includes multiple sales because of the use of "goods and services." Plaintiff's argument fails, not only because it is inconsistent with the way "auction" is used in the claims and in the specification, but because one sale can include multiple goods and/or services. Thus, there is nothing about the use of the phrase "goods and services" that indicates how "auction" should be construed.[2]

2. The term "amount of time left in an auction" does not require construction. Plaintiff argued that no construction of this term is necessary. Defendants Google and Microsoft agreed that the term did not require construction if the Court adopted their proposed construction of "auction," limiting that term to a single sale. (D.I. 133 at 13 n.1). Having adopted (in essence) the defendants' proposed construction of the term "auction," the Court concludes that the term "amount of time left in an auction" does not require construction.

3. The term "bid generator" is construed to mean "a computer program or part of a computer program that bids for a bidder in amounts above the initial price or another bidder's bid." The Court's construction is consistent with the definition of "bid generator" set forth in the '802 patent, which incorporates by reference the definition of "proxy bidder" set forth in the '119 provisional application. '802 patent col.1 ll.15-18. The parties dispute whether there must be

---

[2] In common English usage (as plaintiff's citations to dictionary definitions makes clear), auction can mean either a "sale" or the event at which multiple sales take place. The invention is clearly directed to the former and not the latter.

4

multiple bidders or whether the proxy bidder referenced in the patent can be the sole bidder. The Court concludes that the '802 patent does not require that there be "another bidder's bid" and that the proxy bidder could place the first bid, based either on the seller's floor price or the bidder's initial price.[3]

4. Claims 6, 7, and 9 are not means-plus-function claims pursuant to 35 U.S.C. § 112(f). The term "means" is not used in claims 6, 7, or 9 and, therefore, a "strong" presumption arises that these claims are not means-plus-function claims. *See Lighting World v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004) ("Our cases make clear . . . that the presumption flowing from the absence of the term 'means' is a strong one that is not readily overcome."). Google and Microsoft have failed to overcome this presumption. The Court, therefore, declines to construe these terms as means-plus-function claims. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 877 F. Supp. 2d 838, 896-97 (N.D. Cal. 2012) (preliminary injunction) (declining to construe claim terms as means-plus-function claims), *rev'd on other grounds*, 695 F.3d 1370 (Fed. Cir. 2012); *Versata Software, Inc. v. Sun Microsystems, Inc.*, 2008 WL 3914098, at *13-14 (E.D. Tex. Aug. 19, 2008) (same).[4]

---

[3] The '119 provisional application's definition of "proxy bidder" does not expressly limit the proxy bidder from placing the first bid.

[4] The Court acknowledges the defendants' oral argument based on this month's decision in *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 2013 WL 1920941 (Fed. Cir. May 10, 2013) (en banc). The defendants may raise a § 101 argument at the appropriate time.

5

Entered this 22nd day of May, 2013.

_____
Hon. Richard G. Andrews
United States District Judge