## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-311-RGA |
| | ) |
| GOOGLE INC. AND MICROSOFT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### STIPULATION AND FINAL JUDGMENT OF NONINFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") and Defendant Google Inc. ("Google") state as follows:

WHEREAS Walker Digital filed suit against Google on April 11, 2011, alleging that Google infringes U.S. Patent No. 7,801,802 ("the '802 patent");

WHEREAS Google denied infringement and counterclaimed for invalidity of the '802 patent;

WHEREAS the Court held a claim construction hearing on the term "auction" on November 13, 2012;

WHEREAS Walker Digital served infringement contentions on December 21, 2012, accusing Google's AdWords and AdSense systems, and related systems, and all versions thereof since the issuance of the patent-in-suit;

WHEREAS the Court held a claim construction hearing on the remaining disputed terms on May 16, 2013;

WHEREAS the Court issued an order construing all the disputed claim terms (D. I. 155);

WHEREAS Google announced the product "Open Bidder" at the Google I/O 2013 conference on May 20, 2013;

WHEREAS each party wishes to preserve for appeal all challenges, if any, that the respective party may have to some or all of the Court's claim constructions; and

WHEREAS, in order to conserve judicial and party resources, the parties wish to stipulate to non-infringement of the asserted claims of the '802 patent in light of the Court's claim construction of "auction."

THEREFORE, Walker Digital and Google, by their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Walker Digital asserts claims 1, 2, 4, 6, 7, 9, 11, 12, 14 of the '802 patent (the "Asserted Claims") against Google in this litigation.

2. Each of the Asserted Claims include the disputed claim term "auction."

3. The Court construed the term "auction" to mean "a public or private sale in which goods or services of a seller may be sold to a bidder through a bidding process. An auction consists of one sale."

4. In its Infringement Contentions served on December 12, 2011, Walker Digital asserts that Google's AdWords and AdSense systems, and related systems, and all versions thereof since the issuance of the patent-in-suit (the "Accused Products") infringe the Asserted Claims.

5. Sufficient facts about the Accused Products have been established in the record at least at D.I. 38-47, 82, 91-92, 96, 116, 118-119, 121, 133-134, 153, 165, 170, 172, and the November 13, 2012 hearing transcript.

6. It is agreed that Google's Open Bidder product announced on May 20, 2013, is not an Accused Product and that Walker Digital will not file a complaint asserting the '802 patent against the Open Bidder product, if at all, until this case is remanded to the Court if the Court's construction of the term "auction" is reversed on appeal, or after the completion of this lawsuit. Google reserves all rights and defenses with respect to the Open Bidder product.

7. In view of the Court's construction of the term "auction" Walker Digital concedes that the Accused Products cannot infringe literally or by equivalents, any of the Asserted Claims.

8. Google's counterclaims filed against Walker Digital in this action shall be dismissed without prejudice. Google reserves all rights in its counterclaims and defenses.

9. If this matter is not disposed of on appeal, the parties reserve all rights to appeal as to the proper construction and application of any or all of the remaining claim terms construed in the Court's claim construction order to which they object and which are not the subject of this stipulation. The parties expressly agree that they will not move to dismiss or otherwise oppose the right to appeal the construction or application of any or all of the remaining claim terms after final judgment if this matter is remanded for further proceedings.

10. Based on the above stipulation of non-infringement, the Parties stipulate to entry of final judgment that the Accused Products do not infringe any of the Asserted Claims, without prejudice to the parties' rights to appeal the Court's claim construction order.

11. This Stipulation and Final Judgment is without prejudice to the parties' right to appeal any future orders issued by the Court and is without prejudice to any claim for attorneys' fees and/or costs under any basis, including without limitation Rule 11, Rule 54(d), and §285. All issues relating to fees and costs are reserved pending the outcome of any appeals,

and the deadlines for filing such motions shall be set by the Court after a ruling by the Court of Appeals.

12. Google reserves all rights to assert any additional grounds of non-infringement and invalidity of all of the claims of the '802 patent in the event that the appellate court remands the case to the District Court or refuses to hear the merits of the appeal.

July 19, 2013

Of Counsel:

Marc A. Fenster
Benjamin T. Wang
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
(310) 826-7474
mfenster@raklaw.com
bwang@raklaw.com

BAYARD, P.A.

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
*Attorneys for Plaintiff Walker Digital, LLC*

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael J. Malecek
Timothy Chao
KAYE SCHOLER LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 319-4500

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Google Inc.*

SO ORDERED, this 23rd day of July, 2013.

Richard G. Andrews
United States District Judge

4