IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC., *et al.*,<br><br>        Defendants. | C.A. No. 11-311 (RGA) |

**STIPULATION REGARDING FINAL JUDGMENT OF NO INFRINGEMENT
BY MICROSOFT CORPORATION**

On April 11, 2011, Plaintiff Walker Digital, LLC filed its Complaint in this action, alleging infringement of U.S. Patent No. 7,801,802 ("the '802 Patent") against Defendant Microsoft Corporation.

On July 11, 2011, Microsoft filed its Answer and Counterclaims, alleging affirmative defenses and further alleging a counterclaim for a declaratory judgment that the '802 patent is invalid and a counterclaim for a declaratory judgment that Microsoft does not infringe any asserted claim of the '802 patent.

On May 22, 2013, the Court issued its Claim Construction Order (D.I. 155). Among other constructions, the Court found that the term "auction" means "a public or private sale in which goods or services of a seller may be sold to a bidder through a bidding process. An auction consists of one sale."

For this case, the parties agree upon the following:

1. Web pages often have spaces where advertisements can be shown. Ads can be provided for these ad spaces by Microsoft's accused advertising services, which

include search and contextual advertising systems and a display advertising system. When a request for an ad is made to Microsoft's accused advertising services, a list of candidate ads may be identified. From this list of candidates, an ad may be selected for the ad space using a matching process that is computer-implemented – there is no human participation. Ad spaces are sold continuously.

2. For each candidate ad, a single bid is placed to have that ad shown in the ad space for which an ad was requested. The bid amount is specified before the ad request is made, it is not known by the other bidders participating in the ad space sale, and it does not change once it is placed.

3. Advertisers using Microsoft's advertising systems can participate in multiple ad space sales, which are described above, by setting up an advertising campaign.

4. An advertiser's campaign may also have a daily budget, which is the target amount of money to be spent in that day for all the ad space sales in which the advertiser participates. If the advertiser's campaign budget is not on target, Microsoft's systems can increase or decrease the frequency at which the advertiser participates in individual sales of ad spaces during a day. This feature is called budget smoothing.

5. In Microsoft's display advertising system, there is an additional budget smoothing feature that can increase or decrease the bid amount before future ad requests occur to keep the advertiser's campaign budget on target.

6. An advertiser's campaign can also target ad space sales that occur during a particular day of the week or time of day, *e.g.*, Monday from 6:00 P.M. to 11:00 P.M.

7. In this case, Walker Digital accused the day/time targeting and budget smoothing features in Microsoft's accused advertising systems. Specifically, Walker Digital alleged that Microsoft's accused advertising systems place bids on ad spaces according to the amount of time left in a day-long period. Walker Digital alleged and contends that the day-long period, which includes a series of individual ad space sales, is an auction.

In view of the Court's construction of the term "auction," Walker Digital and Microsoft stipulate and jointly request that the Court issue a Final Judgment, in the form attached to this stipulation, that Microsoft's accused advertising services do not infringe any asserted claim of the '802 patent. Each claim of the '802 patent requires that the rule place a bid "according to an amount of time left in the auction." Here, because the District Court construed "auction" to be limited to "one sale," the parties agree that the accused advertising services do not meet the "according to the amount of time left in the auction" limitation. The series of ad space sales that occur over the course of a day or other periods do not constitute an "auction" as that term was construed by the Court because there is more than one sale.

This stipulation and the proposed Final Judgment in the separate form attached are to facilitate the immediate appeal of the Claim Construction Order, which, if affirmed on appeal, results in no infringement by Microsoft's accused advertising services. (If the Claim Construction Order is not affirmed, however, infringement remains as a disputed issue.) Microsoft further agrees that it will not move for costs and attorneys' fees until after all opportunities for appeal are exhausted. Microsoft contends that there are additional grounds for non-infringement and invalidity of all of the claims of the '802 patent, and reserves its right to assert such additional grounds in the event that the appellate court remands the case to the

District Court or refuses to hear the merits of the appeal.  Walker Digital reserves all rights in its defense to Microsoft's counterclaims.

In accordance with the above and good cause having been shown, the parties hereby request that the Court enter the Final Judgment in the separate form attached.

| BAYARD, P.A. | FISH & RICHARDSON P.C. |
|---|---|
| */s/ Richard D. Kirk* | */s/ Tara D. Elliott* |
| Richard D. Kirk (rk0922) | William Marsden (#2247) |
| Stephen B. Brauerman (sb4952) | Tara D. Elliott (#4483) |
| Vanessa R. Tiradentes (vt5398) | 222 Delaware Avenue, 17th Floor |
| 222 Delaware Avenue, Suite 900 | P.O. Box 1114 |
| P.O. Box 25130 | Wilmington, DE 19899 |
| Wilmington, Delaware 19899 | (302) 652-5070 |
| (302) 655-5000 | marsden@fr.com |
| rkirk@bayardlaw.com | elliott@fr.com |
| sbrauerman@bayardlaw.com | |
| vtiradentes@bayardlaw.com | Attorneys for Defendant |
| | MICROSOFT CORPORATION |
| Attorneys for Plaintiff | |
| WALKER DIGITAL, LLC | |