**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-311-RGA |
| | ) |
| GOOGLE INC. AND MICROSOFT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT GOOGLE INC.'S RENEWED MOTION FOR SANCTIONS PURSUANT TO FRCP 11 AND/OR FOR FEES PURSUANT TO 35 U.S.C. § 285**

Defendant Google Inc. respectfully renews its motion to this Court for an Order sanctioning plaintiffs and its attorneys pursuant to Federal Rule of Civil Procedure 11.

As set forth more fully in the accompanying Memorandum and in Google's original December 1, 2011 sanctions motion and supporting papers, D.I. 38-42, and as recently affirmed by the United States Court of Appeals for the Federal Circuit, *Walker Digital, LLC v. Microsoft Corp.*, 484 F. App'x 496, 2014 WL 5741456 at *6 (Fed. Cir. Nov. 6, 2014), Walker Digital conducted an objectively unreasonable pre-complaint investigation. The Federal Circuit held that "the Defendants' products still do not infringe, even under the modified claim construction [urged by Walker Digital]." *Id*. The Federal Circuit's opinion affirming non-infringement relies specifically on the evidence Google submitted in December 2011 in support of its original sanctions motion. *Id*. at *6 (citing to J.A. 191, an article describing how AdWords works attached as Exhibit 6 to LaBarre Declaration at ¶ 9, D.I. 41).

Google has provided Walker Digital with more than 21 days' notice of this motion before filing it, in accordance with Fed. R. Civ. Pro. 11(c). This motion is expressly authorized pursuant to Paragraph 11 of the Court's Final Judgment, D.I. 174.

Google respectfully requests that the Court impose Rule 11 sanctions on Plaintiff Walker Digital, LLC and its attorneys in an amount equal to the attorneys' fees and costs Google has had to incur in defending this objectively unreasonable action.

Alternatively, or additionally, Google, the prevailing party, respectfully requests that the Court designate this action as an "exceptional" case pursuant to 35 U.S.C. § 285, as defined in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). As the Federal Circuit has affirmed, Walker Digital's action asserted an infringement claim that could not possibly succeed even under Walker Digital's claim construction. This qualifies the action as "exceptional" and merits an award of attorneys' fees.

Google respectfully requests that the Court order Walker Digital to reimburse Google with all of its fees and expenses incurred in defending this action, consistent with Section 285.

Google requests that the Court set the motion on calendar for oral argument at the Court's earliest convenience.

                                                  Respectfully submitted,

                                                  POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ Richard L. Horwitz* |
|---|---|
| | Richard L. Horwitz (#2246) |
| Michael J. Malecek | David E. Moore (#3983) |
| Timothy Chao | Bindu A. Palapura (#5370) |
| KAYE SCHOLER LLP | Hercules Plaza, 6th Floor |
| Two Palo Alto Square | 1313 N. Market Street |
| 3000 El Camino Real, Suite 400 | Wilmington, DE  19801 |
| Palo Alto, CA  94306 | Tel:  (302) 984-6000 |
| Tel:  (650) 319-4500 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| Dated:  February 17, 2015 | *Attorneys for Defendant Google Inc.* |
| 1181662/ 36777 | |