IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALKER DIGITAL, LLC,

Plaintiff,

v.

GOOGLE INC. and MICROSOFT CORPORATION,

Defendants.

Civil Action No. 11-311-RGA

MEMORANDUM ORDER

Before the Court is Defendant Google's renewed motion for sanctions and attorney's fees. (D.I. 194). The matter has been fully briefed. (D.I. 195, 204 & 205). The parties appeared for oral argument on June 1, 2015. (D.I. 207). Per the Court's request, Plaintiff Walker Digital submitted its pre-filing infringement chart for *in camera* review on June 5, 2015. (D.I. 208). Walker Digital also filed a notice of subsequent authority. (D.I. 209). For the reasons provided below, **IT IS HEREBY ORDERED** that Google's renewed motion for sanctions and attorney's fees is **DENIED**.

The patent at issue is U.S. Patent No. 7,801,802 ("the '802 patent"). Claim 1 of the '802 patent is representative:

> 1. A method comprising:
> storing a rule for automatically placing a bid by a bid generator for an item for a bidder in an auction, the rule associated with the bidder and having a condition specifying that the bid is to be placed by the bid generator according to an amount of time left in the auction;
> determining that the rule is satisfied;
> determining that the highest bid in the auction is not from the bidder; and
> placing the bid.

(D.I. 1-1 at 27, col. 15:26–35).

Google asserts that Walker Digital violated Rule 11 of the Federal Rules of Civil Procedure by failing to conduct a reasonable pre-suit investigation. (D.I. 195 at 12). "Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010). The standard for attorney conduct under Rule 11 is whether the conduct was "objectively reasonable under the circumstances." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). To comply with this standard, an attorney "must conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988). In patent infringement cases, a reasonable pre-suit investigation "requires counsel to perform an objective evaluation of the claim terms when reading those terms on the accused device." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1329 (Fed. Cir. 2011). Rule 11 is meant to be applied sparingly to deter parties from filing baseless actions or frivolous motions. *See Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

Google argues that if Walker Digital had conducted a reasonable pre-suit investigation it would have recognized that Google's AdWords product does not infringe the asserted claims of the '802 patent.[1] (D.I. 195 at 12). Google conceded during oral argument, however, that Walker Digital understood how the AdWords system worked at the time Walker Digital filed its complaint. (D.I. 207 at 54:14–25). Further, Walker Digital submitted a declaration stating that,

[1] Walker Digital contends that Google waived this argument by not raising it in support of its initial motion for sanctions. (D.I. 204 at 22). Google, however, made this argument in its opening brief in support of its initial motion for sanctions. (D.I. 39 at 15). Thus, Google properly asserts this argument in its renewed motion.

prior to filing suit, it analyzed the specification, claims, and file history of the '802 patent, researched publicly available information about Google's AdWords system, and prepared a chart with an element-by-element comparison of the'802 patent claims and the AdWords system. (D.I. 45 at ¶¶ 2–6). Walker Digital submitted its pre-filing infringement chart for *in camera* review. (D.I. 208). After reviewing Walker Digital's pre-filing infringement chart, I find that Walker Digital performed an objective evaluation of the '802 claims in relation to Google's AdWords system. Thus, Walker Digital conducted an objectively reasonable pre-suit investigation prior to filing its complaint.

Google also argues that Walker Digital's decision to proceed with the lawsuit after receiving Google's Rule 11 letter was objectively unreasonable. (D.I. 195 at 14). Google sent a letter to Walker Digital on August 3, 2011, stating that AdWords does not meet the "according to the amount of time left in the auction" element of the asserted claims. (D.I. 41-1 at 29, [Exh. 2]). Google notes that the Federal Circuit used the same reasoning that Google provided in its Rule 11 letter to find non-infringement on appeal. *See Walker Digital, LLC v. Microsoft Corp.*, 590 F. App'x 956, 961 (Fed. Cir. 2014). The Federal Circuit agreed with Walker Digital's construction of "auction," but found that Google's "products still do not infringe, even under the modified claim construction." *Id.* The Federal Circuit reasoned that "the claimed method functions on an item-by-item basis, with each proxy placing a bid according to an amount of time 'remaining to place bids for the item,'" and that Google's auctions "are 'instantaneous,' with the larger auction system operating continuously; they do not function according to any 'time remaining' limitation as to an individual item." *Id.* Google argues that Walker Digital's infringement theory was not objectively reasonable because even after adopting Walker Digital's construction of "auction," the Federal Circuit still found that AdWords does not infringe.

Walker Digital, on the other hand, argues that its infringement theory was objectively reasonable when it filed the complaint and after it received Google's Rule 11 letter. (D.I. 204 at 13). Walker Digital asserts that the publicly available information regarding Google's AdWords system led it to believe that AdWords met all the elements of the asserted '802 claims, including "according to the amount of time left in the auction." Walker Digital cites Google's "AdWords Help" web pages, which state, "Ad scheduling allows you to control the days and times your AdWords campaigns can run," and "[w]hile your ads are normally eligible to run 24 hours each day, ad scheduling allows you to specify certain hours or days of the week when you want your ads to appear." (D.I. 204-18 at 5). These pages also state that "ad scheduling" can be used "to automatically change your bids throughout the day." (*Id.*). Another page states, "The AdWords system will always try to spend your entire daily budget during each calendar day that your ad is active," and "will attempt to spread the spending evenly across any segments you have scheduled in that calendar day." (D.I. 204-20). Based on this information, Walker Digital concluded that the ad scheduling functionality places bids "according to the amount of time left in the auction." Walker Digital spent a significant amount of time addressing this element in its pre-filing infringement chart. (D.I. 208). Further, Walker Digital provided this information to Google in response to its Rule 11 letter. (D.I. 41-1 at 47 [Exh. 7]). Although the Federal Circuit ultimately agreed with Google's argument, I do not find that Walker Digital's infringement theory was objectively unreasonable. Therefore, I deny Google's request for Rule 11 sanctions against Walker Digital.

Google also argues that it is entitled to attorney's fees under § 285. (D.I. 195 at 17). The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two basic

requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts are to "apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (internal quotation marks omitted and alteration in original). The Federal Circuit affirmed the Court's judgment of non-infringement, and thus there is no dispute that Google is a "prevailing party."

Google argues that this is an "exceptional case" because Walker Digital decided to litigate without an objectively reasonable basis in fact or law. (D.I. 195 at 17). I disagree. Walker Digital conducted a reasonable investigation into its infringement claims before it filed the complaint, as evidenced by its pre-filing infringement chart. Walker Digital also had a reasonable basis to believe Google's AdWords product infringed the "according to the amount of time left in the auction" limitation, even after receiving Google's Rule 11 letter. Thus, Walker Digital's infringement claims were not "objectively unreasonable." Further, Walker Digital did not litigate the case in an "unreasonable manner." Thus, I do not find this case to be "exceptional." Therefore, Google is not entitled to attorney's fees.

For the reasons provided above, **IT IS HEREBY ORDERED** that Google's renewed motion for sanctions and attorney's fees (D.I. 194) is **DENIED**.

Entered this 4 day of September, 2015.

Richard G. Andrews
United States District Judge